**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HEIDI STAR,

    Plaintiff,

v

SPECTRUM NET DESIGN, INC;
KURT KAPTEIN; JASON BESLEY;
and SHANNAN DuSHANE,

    Defendants.

Case No. 1:24-cv-1298

Hon. Jane M. Beckering

| Veronica L. Stachurski (P85110) | Ronald E. Reynolds (P40524) |
|---|---|
| LAW OFFICES OF LISA C. WARD, PLLC | Chad L. Antuma (P83758) |
| Attorneys for Plaintiff | HILGER HAMMOND |
| 4131 Okemos Rd., Suite 12 | Attorneys for Defendants |
| Okemos, MI 48864 | 220 Lyon Street NW, Ste. 410 |
| (517) 347-8100 | Grand Rapids, MI 49503 |
| lisacwardlaw@gmail.com | (616) 458-3600 |
|  | rreynolds@hilgerhammond.com |
|  | cantuma@hilgerhammond.com |

## STIPULATED PROTECTIVE ORDER

The parties, through their respective counsel, agree that discovery will result in certain personal and confidential information being exchanged between them and that they desire that confidentiality be maintained to the greatest degree possible. Accordingly, pursuant to FRCP 26(c), the parties stipulate to the entry of this Protective Order,

**IT IS HEREBY ORDERED** that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" or "Highly Confidential Attorneys Eyes Only" (collectively "Designated Materials") under the following terms and conditions:

1. Any document, information, or thing may be designated "Confidential" if the producing party determines in good faith that it contains confidential, competitively sensitive, or proprietary

1

information that is not readily ascertainable through lawful means by the public. "Confidential Information" herein shall be defined as follows: (A) any record which such person, reasonably believes would, if made public, adversely affect the privacy or business interests of the producing person, its employees, or agents of that party absent the protection provided herein by such designation and in which the producing person designates as Confidential when provided; and/or (B) any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available such as medical records and tax/financial records of the parties or witnesses. The designation of "CONFIDENTIAL" may be challenged, as outlined below.

2. Any document, information, or thing may alternatively be designated "Highly Confidential Attorneys Eyes Only" if the producing party determines in good faith that confidential information constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause substantial harm to the competitive position or personal interests of the party making the confidentiality designations, and personal or confidential information about an employee or former employee.

3. A producing party may designate any document or other tangible information or thing as "Confidential" or "Highly Confidential Attorneys Eyes Only" by conspicuously stamping or appending the appropriate designation to the document. All such documents produced shall contain a bates stamp number for reference.

4. If a party producing documents inadvertently fails to mark a document as "Confidential" or "Highly Confidential Attorneys Eyes Only" or otherwise inadvertently or unintentionally discloses such documents it shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, provided that the producing party making such inadvertent or

unintentional disclosure notifies the receiving parties forthwith, but in no event later than seven days following the discovery of the inadvertent disclosure. The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly Designated Materials. The parties shall make good faith efforts to preserve the designated nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

5. Should any party object to a the legitimacy of one or more Designated Materials, the parties shall meet and confer on an expedited basis in a good faith attempt to reach an agreement regarding the status of the information, documents, or things. If an objection is not thereby resolved, a party may bring the dispute before the Court for a determination. The party claiming the designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, Until the Court makes such determination, all material designated as "Confidential" or "Highly Confidential Attorneys Eyes Only" shall be treated as such.

6. All Designated Materials produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding.

7. Materials designated as "Confidential" may be made available only to the Court's staff and to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with this case) and the following persons:

   a. The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

   b. Experts or consultants (together with their clerical staff) retained by the respective parties to assist in this case;

   c. Facilitators / Arbitrators (together with their clerical staff);

    d.  Jurors in this case;

    e.  Any court reporter employed in this case;

    f.  A witness at any deposition or other proceeding in this case;

    g.  A potential witness; and

    h.  Any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

8. Materials designated as "Highly Confidential Attorneys Eyes Only" shall be used solely for the purposes of this litigation and shall not be disclosed to any person except those listed in subparagraphs (b),(c), (d), (e), and (f), of paragraph 10 above.

9. Designated Materials shall not be disclosed by opposing counsel to a former employee of Plaintiff or Defendant, respectively, to a witness at any deposition or other proceeding in this case, to a potential witness, or to a testifying or non-testifying expert or consultant, or to any other person who was given consent, unless and until such person has first been supplied with and read a copy of this Order. Parties may have such persons execute a copy of Exhibit A.

10. Counsel shall maintain Designated Materials in a secure location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review Confidential materials as set forth in this Order.

11. Any party wishing to rely on Designated Materials in pleadings, motions, briefs, declarations, or exhibits shall give 21 days' notice to the opposing party(ies) to allow the party(ies) to seek a protective order or file a motion to seal the materials. Counsel for the parties shall also confer to attempt to resolve any such disagreement, including by agreeing to redact information prior to filing Designated Materials.

12. Within sixty (60) days of the conclusion of this action, including any appeals, all originals

4

and reproductions of any Designated Materials shall be destroyed at the request of the opposing party; provided, however, counsel for the parties may retain on complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to Designated Materials in a secure location – subject to any applicable Statute of Limitations. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials to the receiving party have been destroyed, other than as indicated in this paragraph. Designated Materials in the custody of the Court are excepted from the terms of this paragraph.

13. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered. Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

**IT IS SO ORDERED.**

This is not a final Order, nor does it close this case.

Date: September 16, 2025

/s/ Ray Kent
RAY KENT
United States Magistrate Judge

Approved as to form, content, and immediate entry:

Dated: September 16, 2025                By:    */s/ Veronica L. Stachurski (w/permission)*
                                                Veronica L. Stachurski (P85110)
                                                Attorneys for Plaintiff

Dated: September 16, 2025                By:    */s/ Ronald E. Reynolds*
                                                Ronald E. Reynolds (P40524)
                                                Attorneys for Defendant

Dated:  September 16, 2025               By:    */s/ Chad L. Antuma*
                                                Chad L. Antuma (P83758)
                                                Attorneys for Defendant

**EXHIBIT A**

**AGREEMENT CONCERNING MATERIAL
COVERED BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that (s)he has read the Protective Order entered in this action on _____, 202\_, which is attached hereto, (s)he understands the terms thereof, including his/her obligation to keep confidential the Records[1] and all information designated as "Confidential" or "Highly Confidential Attorneys Eyes Only" pursuant to the attached Protective Order, and to use the Records and all information designated as "Confidential" or "Highly Confidential Attorneys Eyes Only" solely for the prosecution or defense of this case and (s)he agrees to be bound by such terms.

The undersigned further acknowledges and agrees that upon the conclusion of the litigation, (s)he shall destroy the Records and all information (including all copies made) designated as "Confidential" or "Highly Confidential Attorneys Eyes Only" or return the Records and all the information (including all copies made) designated as "Confidential" or "Highly Confidential Attorneys Eyes Only" to the party having provided such information to him/her.

Dated: _____

Print Name: _____

_____

Job Title and Business Address

---

[1] All capitalized terms shall have the meanings ascribed to them in the Protective Order unless expressly stated to the contrary herein.